UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Jessica Pagon,
Victor Valentin,
on behalf of themselves
and other similarly situated individuals,

    Plaintiffs,

v.

State-Line Products of South Florida, Inc.

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Jessica Pagon, Victor Valentin, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant State-Line Products of South Florida, Inc. and allege.

Jurisdiction Venue and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiffs Jessica Pagon and Victor Valentin are residents of Florida within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act. (Plaintiffs Jessica Pagon and Victor Valentin are husband and wife)

3. Defendant State-Line Products Of South Florida, Inc. (hereinafter State-Line Products, or Defendant) is a Florida corporation within this jurisdiction Court. At all times, Defendant was and is engaged in interstate commerce.

4. Defendant State-Line Products was the Employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

Factual Allegations

6. This cause of action is brought by Plaintiffs as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after July 2020, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant State-Line Products is a commercial distributor and installer of fireproofing and fire-stopping products. Defendant specializes in all types of thermal and acoustical spray installation for industrial, commercial, healthcare, public, and residential projects

8. Defendant State-Line Products has facilities located at 3021 NW 25th Ave., Pompano Beach, FL 33069, where the Plaintiffs worked.

9. The Employer State-Line Products was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an installer of

fireproofing and fire-stopping products. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs were employed by an enterprise engaged in interstate commerce and through their daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated directly in interstate commerce by handling, working, and transporting goods and goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

11. Defendant State-Line Products employed Plaintiffs Jessica Pagon and Victor Valentin as non-exempted, full-time, hourly employees.

12. The Plaintiffs had similar duties as foam sprayers and laborers.

13. Plaintiff Jessica Pagon had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

14. Plaintiff Victor Valentin had a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

15. During their relevant time of employment, Plaintiffs Jessica Pagon and Victor Valentin worked a similar schedule. Plaintiffs worked five and six days per week. From Monday to Friday, Plaintiffs arrived at the Jobsite at approximately 6:30 AM, and they worked until approximately 3:30 PM (9 hours daily). From Monday to Friday, Plaintiff completed 45 hours. Defendant paid Plaintiffs just 45 hours.

16. However, Plaintiffs allege that when they were assigned projects located at least one and a half or two hours far away from home, Defendant did not recognize the time spent driving as compensable time. For example, to be able to show up for work at 6:30 AM at the project, Plaintiffs had to leave home at 5:00 AM. Then to return home, Plaintiffs had to drive a minimum of two hours back home to Haines City, FL

17. Plaintiffs claim a minimum of five unpaid travel hours per week. These five unpaid hours of travel time constitute five unpaid overtime hours per week.

18. In addition, Defendant deducted from Plaintiffs' compensable time, 2.5, as lunchtime weekly, even though Plaintiffs were unable to take bonafide lunch a minimum of twice per week. Thus, Plaintiffs claim 1 additional unpaid overtime hour.

19. Plaintiffs worked some weeks on Saturdays. Plaintiffs are not in possession of time and payment records, and they are not able to calculate if they are owed more overtime hours.

20. Plaintiffs clocked in and out only when working on big projects, but most of the time, they did not punch in/out. Nevertheless, Defendant could keep track of hours worked by Plaintiffs and other similarly situated individuals.

21. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

22. Plaintiffs were paid with checks and paystubs that did not show the correct number of days and hours worked.

23. Plaintiffs were in complete disagreement with the lack of payment for overtime hours, and they complained numerous times to the supervisor Gabriel Weiss,

24. There were always issues with the hours, and Plaintiffs complained at least seven times.

25. On or about October 2021, Plaintiffs complained to Supervisor Gabriel Weiss about unpaid overtime hours. As a result, Plaintiffs were suspended for one week.

26. On or about March 09, 2022, Plaintiffs complained to Gabriel Weiss that Defendant had not paid Plaintiffs'employee taxes to the IRS. Plaintiffs also complained about unpaid overtime hours. Supervisor Gabriel Weiss said he would look into the taxes issue but ignored the overtime complaints.

27. The next day, March 10, 2022, Plaintiffs went to work as usual, but Superintendent Sebastian Carnevale fired Plaintiffs Jessica Pagon and Victor Valentin.

28. Plaintiffs Jessica Pagon and Victor Valentin seek to recover unpaid overtime wages accumulated during their relevant time of employment, retaliatory damages, liquidated damages, and any other relief as applicable by law.

29. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

Collective Action Allegations

30. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

31. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

32. In addition, Plaintiffs contend that Defendant violated the anti-retaliatory provisions contained in 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

33. This action is intended to include every foam sprayer, laborer, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years. All proposed class members worked pursuant to Defendant's previously described common business practices and, as a result of such practices, they did not receive overtime premium pay for hours worked over 40 in a workweek.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

34. Plaintiffs Jessica Pagon and Victor Valentin re-adopt every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

35. This action is brought by Plaintiffs Jessica Pagon and Victor Valentin and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Defendant State-Line Products employed Plaintiffs Jessica Pagon and Victor Valentin as non-exempted, full-time, hourly foam sprayers and laborers.

37. Plaintiff Jessica Pagon had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

38. Plaintiff Victor Valentin had a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

39. During their relevant time of employment, Plaintiffs Jessica Pagon and Victor Valentin worked a similar schedule. Plaintiffs worked five and six days per week. From Monday to Friday, Plaintiffs arrived at the Jobsite approximately at 6:30 AM, and they worked until approximately 3:30 PM (9 hours daily). From Monday to Friday, Plaintiffs completed 45 hours. Defendant paid Plaintiffs just 45 hours.

40. However, Plaintiffs allege that when assigned projects located at least one and a half or two hours away from home, Defendant failed to recognize and count the time spent driving as compensable time. For example, to be able to show up for work at 6:30 AM at the project, Plaintiffs had to leave home at 5:00 AM. Then to return home, Plaintiffs had to drive back home to Haines City, FL, for a minimum of two hours.

41. Plaintiffs claim a minimum of five unpaid travel hours per week. These five unpaid hours of travel time constitute five unpaid overtime hours per week.

42. In addition, Defendant deducted from Plaintiffs compensable time, 2.5, as lunchtime weekly, even though Plaintiffs could not take bonafide lunchtime a minimum of twice per week. Thus, Plaintiffs claim 1 additional unpaid overtime hour.

43. Plaintiffs worked some weeks on Saturdays. Plaintiffs are not in possession of time and payment records, and they are not able to calculate if they are owed more overtime hours.

44. Plaintiffs clocked in and out only when working on big projects, but most of the time, they did not punch in/out. Nevertheless, Defendant could keep track of hours worked by Plaintiffs and other similarly situated individuals.

45. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in

violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

46. Plaintiffs were paid with checks and paystubs that did not show the correct number of days and hours worked.

47. Plaintiffs were fired on or about March 10, 2022, after they complained about unpaid overtime wages.

48. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

50. Plaintiffs are not in possession of time and payment records, but they will provide a reasonable good-faith estimate based on their recollection and their knowledge. After discovery, Plaintiff will amend his statement of claim.

*In this Statement of claim, Plaintiffs are not including O/T worked on Saturdays

### 1.- Overtime claim of Plaintiff Jessica Pagon

a. Total amount of alleged unpaid O/T wages:

    Eleven Thousand Six Hundred Ten Dollars and 00/100 ($11,610.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 86 weeks
Relevant weeks of employment: 86 weeks
Unpaid O/T hours: 6 hours (5 travel time hours + 1 lunch hour)
Hourly rate: $15.00 x 1.5=$22.50.
O/T rate: $22.50 an hour

$22.50 x 6 O/T hours=$135.00 weekly x 86 weeks=$11,610.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.[1]

## 2.- Overtime claim of Plaintiff Victor Valentin

a. <u>Total amount of alleged unpaid O/T wages</u>:

Seventeen Thousand Twenty-Eight Dollars and 00/100 ($17,028.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 86 weeks
Relevant weeks of employment: 86 weeks
Unpaid O/T hours: 6 hours (5 travel time hours + 1 lunch hour)
Hourly rate: $22.00 x 1.5=$33.00
O/T rate: $33.00 an hour

$33.00 x 6 O/T hours=$198.00 weekly x 86 weeks=$17,028.00[2]

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages

---

[1] At this time, Plaintiff Jessica Pagon has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.
[2] At this time, Plaintiff Victor Valentina has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

51. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

52. Defendant intentionally failed to pay Plaintiffs their overtime wages and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant had knowledge of Plaintiffs' work schedule and the number of hours they worked. Defendant knew the wages that they were receiving. Defendant knew or should have known of the work performed by Plaintiffs and their obligation to pay overtime wages to Plaintiffs, as well as the pay practices not comporting with the FLSA. As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiffs and others similarly situated in the amount of the unpaid overtime wages. Accordingly, plaintiffs and those similarly-situated are entitled to recover double damages.

53. Plaintiffs Jessica Pagon and Victor Valentin have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

Prayer For Relief

Wherefore, Plaintiffs Jessica Pagon and Victor Valentin and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Jessica Pagon and Victor Valentin, and other similarly situated and against Defendant State-Line Products and, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal

Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Jury Demand

Plaintiffs Jessica Pagon and Victor Valentin and those similarly situated demand trial by a jury of all issues triable as a right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFFS; PURSUANT TO 29 U.S.C. 215(a)(3);

54. Plaintiffs Jessica Pagon and Victor Valentin re-adopt every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

55. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

56. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours above forty at the rate of at least one and one-half times the employee's regular rate…"

57. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

58. Defendant State-Line Products employed Plaintiffs Jessica Pagon and Victor Valentin as non-exempted, full-time, hourly foam sprayers and laborers.

59. Plaintiff Jessica Pagon had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

60. Plaintiff Victor Valentin had a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

61. During their relevant time of employment, Plaintiffs Jessica Pagon and Victor Valentin worked a similar schedule. Plaintiffs worked five and six days per week. From Monday to Friday, Plaintiffs arrived at the Jobsite at approximately 6:30 AM, and they worked until approximately 3:30 PM (9 hours daily). From Monday to Friday, Plaintiff completed 45 hours. Defendant paid Plaintiffs just 45 hours.

62. However, Plaintiffs allege that when they were assigned projects located at least one and a half or two hours far away from home, Defendant failed to recognize and count the time spent driving as compensable time. For example, to be able to show up for work at 6:30 AM at the project, Plaintiffs had to leave home at 5:00 AM. Then to return home, Plaintiffs had to drive back home to Haines City, FL, for a minimum of two hours.

63. Plaintiffs claim a minimum of five unpaid travel hours per week. These five unpaid hours of travel time constitute five unpaid overtime hours per week.

64. In addition, Defendant deducted from Plaintiffs' compensable time 2.5 hours as lunchtime weekly, even though Plaintiffs could not take bonafide lunchtime a minimum of twice per week. Thus, Plaintiffs claim 1 additional unpaid overtime hour.

65. Plaintiffs worked some weeks on Saturdays. However, plaintiffs are not in possession of time and payment records, and they are not able to calculate if they are owed more overtime hours.

66. Plaintiffs clocked in and out only when working on big projects, but most of the time, they did not punch in/out. Nevertheless, Defendant could keep track of hours worked by Plaintiffs and other similarly situated individuals.

67. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

68. Plaintiffs were paid with checks and paystubs that did not show the correct number of days and hours worked.

69. Plaintiffs were in complete disagreement with the lack of payment for overtime hours, and they complained numerous times to the supervisor Gabriel Weiss,

70. There were always issues with the hours, and Plaintiffs complained at least seven times.

71. On or about October 2021, Plaintiffs complained to Supervisor Gabriel Weiss about unpaid overtime hours. As a result, Plaintiffs were suspended for one week.

72. On or about March 09, 2022, Plaintiffs complained to Gabriel Weiss that Defendant had not paid Plaintiffs'employee taxes to the IRS. Plaintiffs also complained about unpaid overtime hours. Supervisor Gabriel Weiss stated that he would look into the taxes issue but ignored the overtime complaints.

73. These complaints constituted protected activity under the Fair Labor Standards Act.

74. However, the next day, March 10, 2022, Plaintiffs went to work as usual, but Superintendent Sebastian Carnevale fired Plaintiffs Jessica Pagon and Victor Valentin.

75. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than a retaliatory action to terminate the Plaintiffs' employment.

76. Moreover, the Plaintiffs' termination came right after Plaintiffs' participation in a protected activity.

77. Plaintiffs Jessica Pagon and Victor Valentin were terminated by Defendant. This adverse employment action against Plaintiffs by the Defendant was directly and proximately caused by Defendant's unjustified retaliation because Plaintiffs complained about overtime payment in violation of Federal Law and State law.

78. Defendant's termination of Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

79. Plaintiffs Jessica Pagon and Victor Valentin have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiffs Jessica Pagon and Victor Valentin respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant State-Line Products that Plaintiffs Jessica Pagon and Victor Valentin recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant State-Line Products to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Jessica Pagon and Victor Valentin further pray for such additional relief as the interests of justice may require.

<u>Jury Demand</u>

Plaintiffs Jessica Pagon and Victor Valentin and those similarly situated demand trial by a jury of all issues triable as a right by jury.

Date: December 21, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.elbA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*